for our arguments. And our first case for this morning is number 193517, United States v. Corner. So I believe we start with, well actually let me make sure both attorneys are on the line, Ms. Fite and Ms. Rumbelow. This is Shelly. Yes. Excellent. All right. So Ms. Fite, you may proceed. Thank you. May it please the court. Vincent Corner raises two issues on appeal, but fundamentally they're both about whether a judge can be said to have appropriately applied a law to him, where she declined to decide even whether the law could be applied to him. This court's recent decision in Shaw makes this case easier to decide. This case is not identical to Shaw, but it ends up in the same place where a court says that if the First Step Act applies, it would deny the motion as a matter of discretion. That won't sustain the judge's decision if the judge should not actually consider the defendant's arguments that would be relevant to the exercise of discretion. So here, the court basically said that if the First Step Act applied, it would deny relief as a matter of discretion because Corner had violated the rules of supervision. That didn't take into account any of his arguments, which focused on the change to the statutory and the guidelines ranges, both related to his original sentence and to the revocation proceedings. So, Ms. Feig, could I ask you, is your fundamental point that the approach that the Supreme Court took in Gall is what needs to happen here and the district court should have started with maybe the new anchoring point? I certainly think that that decision is relevant. Here, the anchoring point is kind of all of the above. The judge is making a sentencing decision when she is deciding a First Step Act motion because Congress has specifically granted judges discretion with the use of the word may in the law. So, if someone is eligible for relief, then everything is really on the table and the judge is using a Gall type analysis, is considering things specific to the First Step Act, certainly is considering the statutory range, the guideline range, the other arguments about, you know, any conduct and things specific to the case. Those are all part of the judge's discretion and in Shaw, this court recognized that in a case where the judge had, instead of saying, well, I just won't decide whether Section 404 of the First Step Act applies, the judge said, I don't think the Section 404 applies and then went on to deny as a matter of discretion. But if she's not exercising that discretion in the way that we understand discretion in sentencing decisions, and this is absolutely a sentencing decision, then it's not really an exercise of discretion. Ms. Fife, on your argument that there's a two-step process and that both steps have to be followed, is there anything in the language of Shaw that supports that both have to be followed? Certainly Shaw sets out the two-step process and Shaw remanded because the court really didn't give any reasoning, even if the Fair Step Act applied, for rejecting that. So they sent it back. But is there any particular language you could point to where we said you have to follow both Steps 1 and Step 2, that you can't just skip to Step 2 and assume Step 1 applies? No, I don't think there's any language in Shaw that implies that. And my argument that that is an error on its own before even reaching the abuse of discretion is related to the fact that, unlike some other circumstances where judges might skip one step and go to another or whatever, here, that first step has real legal and factual substance about the very nature of the discretion that the judge is exercising, because it's only by recognizing that the First Step Act indeed applies to corner that the judge would recognize that the statutory ranges would have been different under the Fair Sentencing Act of 2010, both at the original sentencing and at the revocation proceeding, and also that the guideline range would have been different at the original sentencing, if not at the revocation proceeding. And so it really clouds the fair decision. That goes to your point, Ms. Fife, that at Step 1, as set out in Shaw, you believe that the court has to calculate the guidelines, that the court can't just say he would be eligible under the First Step Act. Is that correct? I think that they need to determine whether the person is eligible, and they need to consider all the arguments relevant to eligibility. But wouldn't that come at Step 2? I'm talking just about Step 1. I understood you to say, at Step 1, that the court can't just say, okay, the First Step Act applies, that the court has to then go on, like in a regular sentencing, and accurately calculate the guidelines. Is that correct? I think that probably that makes sense, although I wouldn't say that's precisely my argument. What is your argument, then, though? That's what I understood you to be saying. Then the judge can exercise the discretion and maybe say, I still think what I did was fine, or maybe say whatever the judge wants to say. Yes, that's correct. And I'm sorry if I'm not being precise here. I think the point that I was trying to make in being a little particular is that the First Step Act will generally change the statutory sentencing range. It does not always change the guideline sentencing range. It very frequently does. Certainly, the judge needs to consider the difference in the statutory sentencing range and the impact that that would have, the Fair Sentencing Act of 2010, where applicable, including here, where the guideline range has changed, that's also necessary. I just wouldn't want to say in every case, consider the guidelines change, because in some cases, there simply is no guidelines change, but the judge should be considering that. Going back to Judge St. Eve's question, wouldn't all of those factors come in at Step 2? You know, the statutory range, the guidelines range, the judge would be looking at the full picture, perhaps considering 3553 factors, all of that, and deciding whether to exercise discretion. But those are different questions than the more straightforward question, is this a covered offense? Does the Act apply? Right? I guess I'm not understanding why you're putting those things in the Step 1 bucket instead of the Step 2 bucket. I think I'd be happy with a judge putting it in either bucket. If the judge finds the person as eligible, then she will need to find the statutory range, any change to the guidelines range, and those are the things that are going to inform the exercise of discretion. And so you're saying the judge didn't even do this at Step 2, then? Right, at no step did the judge consider that it was in fact eligible, and that it did have real tangible differences in Vincent Korner's case, because the judge really treated his motion like it was a motion for reconsideration of a revocation decision for violation of rules of supervision, without considering all of the many things that the First Step Act allows the judge and requires the judge to consider in order to exercise discretion as part of this sentencing reform package. And I will reserve the rest of my time for rebuttal, unless you have further questions. Okay, that's fine. Ms. Rumbelow. Good morning, Your Honors. May it please the Court, Rita Rumbelow for the United States. Here, the District Court, if there was any procedural error at all, it was definitely harmless. So let's focus on Step 1. Here the District Court said, unequivocally, maybe Korner was covered under the First Act, maybe he wasn't. She did not need to decide eligibility, because in any event, she was going to deny relief. But isn't that, Ms. Rumbelow, let me push back a little bit there, because I'm worried, whether you call it a Step 1 or a Step 1.5 or a Step 2 measure, the First Step Act changes the statutory ranges for Mr. Korner, at least, probably it will for many people, and it changed the guideline range. So when the judge moves, again, I don't care what step you call it, Step 15, when the judge moves to the final step of exercising her discretion, she's skipped a part of her own thinking. She hasn't measured what she wants to do against both the congressionally specified ranges and the ranges recommended by the guidelines. So we don't know, really, whether this is harmless or not. I respectfully disagree, Your Honor, because, first of all, here, this is not a substantive resentencing. This was a revocation proceeding. And the District Court did, in its order, recognize that Mr. Korner had previously been convicted of what was considered a Class B felony, but now it was a Class C felony. So the District Court did focus on that. But she held that, in any event, the 18-month term of imprisonment that was imposed at revocation did not even exceed the maximum revocation penalty authorized for a Class C felony. So she did consider, you know, again, let's just refer to it as, you know, Step 2, or Part 2, as the Court did with its dialogue with Ms. Bight, that she then, so she first decided, maybe it applies, maybe it doesn't, it doesn't matter, I'm going to have the same sentence regardless. But then when she got to the point where she could exercise her discretion, she did analyze it. She recognized that the classification of the felony offense had changed, but her sentence was below the maximum, and she exercised reasonable discretion. And unlike in the Shaw case, here, the District Court explained in very detailed reason the determination for its revocation sentence and its subsequent term of supervision, which is what Mr. Korner is now serving. A revocation, the entire process of supervised release, though, the initial term, revocations, flows from the basic criminal judgment. It flows from the sentence that's authorized. So I'm not sure we can just say in isolation this is a revocation proceeding. I think that that is how both parties approached it below, and then that is how the District Court... But, you know, you all know, I mean, the length of possible length of supervised release is dictated by the statute of conviction. It's all part of the sentence. Correct. Correct, and that's why the District Court noted here that it was sentencing well below what it was authorized to in an exercise of... But only six months below, not 18 months below. I'm not sure the District Court makes that clear. Right, but the District Court chose the sentence it chose because of the egregious nature and number of Mr. Korner's repeated violations. And so, I mean, if you focus on the discretion that was exercised, the government's view is it was very sound. So the only potential error here at all would have been when the District Court said, well, whether it applies, whether the First Step Act applies or doesn't. So the court, yeah, it definitely did not say, yes, Mr. Korner is covered under the First Step Act. The government acknowledges that. But is that a basis for a remand? The government doesn't think so because we think that error was harmless and we made that, you know, an argument analogous to the sentencing guidelines in our brief. In District Courts, I mean, I'm in sentencing all the time in District Courts. And if we're disputing a guideline, a specific guideline, the District Court has to consider it and then can say on the record, whether I found that this enhancement applies or not, I would impose the same sentence. Well, that's exactly right, but that's precisely what the District Court didn't do here. The District Court did not say, I now have calculated what the guidelines range is as affected, you know, by the First Step Act. But I have concluded that given Mr. Korner's record, it doesn't make any difference to me. That never happened, and that's the troublesome thing. But I'm looking at the District Court's order. But there's no basis in what the ranges would have been under the First Step Act. That's the part that's missing. And if Gall is right, and it's certainly not up to us to say it isn't, why isn't that a critical missing link? Because first the court has to determine whether or not the defendant qualifies for any reduction under the First Step Act. Then you get to the calculation, and I interpret the District Court as having done that. I was not at this particular revocation hearing. A colleague covered it for me. But at the revocation hearing, this issue didn't arise, is my memory. And it wasn't until Korner filed an appeal that then the issue arose. What is it that the District Court did, Ms. Rombolo, that you believe the court actually looked at the difference in the statutory guidelines if he had been eligible under the First Step Act? Well, she acknowledged in her order that now, so when you're under revocation, you look at the classification of the felony offense. And she did acknowledge that it changed, again, from a Class C down to a Class B. And she cited the statute, 18 U.S.C. Section 3583E, recognizing the statutory maximum for a Class C felony. And she said, I sentence below that. Yes, there isn't, you know, like a chart outlining exactly the change in the supervision guideline. But she sentenced below it and recognized the change under the First Step Act. So I think I'm a little confused by the court's question. Is there anywhere – it looks like, first of all, in ruling on the motion, there wasn't a hearing on the motion itself, correct? It was just the order. Correct. Is there anywhere in her ruling on the motion, other than what you've pointed to, the difference in classification, where it's clear she considered the difference in the statutory range if he had qualified under the First Step Act? No. And why wouldn't that matter? I think, well, it's the government's view that because the court was very unequivocal that she would give the same sentence regardless, shows that it's harmless error. I mean, you could definitely remand, obviously, but I think the results are going to be the same. And I know that that's often what happens on remand, and that's okay, obviously. But the court was just very firm in its view of Mr. Korner's egregious violations, and the number of them, that this is the sentence that she wants to impose and will impose, again, regardless of whether he qualified under the First Step Act. Can a court make that determination without knowing what the statutory guideline range is? I think she did, by recognizing the difference between Class B and Class C, and citing the statute which refers to those penalties. She didn't specifically cite in her order what those were, but she cited the statute that refers to them. She did consider the difference without putting the actual numbers in writing. She cited the relevant statute. Well, all right. Thank you very much, Ms. Rombolo. I think your time has now expired. Well, thank you. Thank you. Anything further, Ms. Feit? Yes, thank you, Your Honor. First of all, the district judge did not acknowledge even a difference in the revocation sentence range. It's on the appendix, page 3. She quotes the defense brief as claiming that there is a difference, and then says, you know, this just argument doesn't really matter because I gave less than the two years. But I think that's pretty far from acknowledging the significant difference in the statutory range, both at the original sentencing, which was even more significant then, and the statutory difference at the revocation proceeding. And it also doesn't acknowledge the significant differences in the supervised release range. And, you know, this does matter quite a bit going forward, both in terms of the term supervised release, and given the way this order is worded, we're looking at, you know, potentially a much longer period of incarceration that could be imposed if there are rules violations in the future. You know, but the judge could make a different decision. I completely acknowledge, as Ms. Rumbelow said, the judge could make absolutely the same decision coming back, but the court needs to confront the impact of the Fair Sentencing Act of 2010, because that's what the First Step Act says that the court has to do. Is there anything, Ms. Weiss, that the court did not address in terms of arguments other than the difference in the statutory range? So the statutory range, the guideline range, the sort of general fairness about... But the guidelines would have been the same, you said. So the statutory range is really all what would have been different here. And some other arguments were made in the motion for a reduction under the First Step Act. In your view, other than the difference in the statutory range, is there anything the court did not address that it should have? Yes. There was also the difference in the guideline range, a significant difference in the guideline range, at the original sentencing that contributed to both the original prison sentence and the original term of supervised release, and also the underlying facts of the case, which were fairly mitigated, because the focus was entirely on the revocation proceeding, whereas the First Step Act does allow the court to correct inequities that are present because someone was sentenced before the Fair Sentencing Act of 2010. All right. I think we'll have to leave it there. Thank you very much, Ms. Feith. Thank you, Ms. Rumbelow. The court will take the case under advice.